Name: Tony Tremayne Lewis inmate # 98308

Address: El Dorado Correctional Facility PO Box 311
El Dorado, Kansas 67042

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Tony T. Lewis, Plaintiff
(Full Name)

V.

Jeff Zmuda, Defendant(s)
Darcie Holthaus; David C. Ferris... et.

CASE NO. 23-3236-JWL
(To be supplied by the Clerk)

AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Tony Tremayne Lewis (Plaintiff), is a citizen of Kansas (State) who presently resides at El Dorado Correctional Facility (PO Box 311) (Mailing address or place) El Dorado, Kansas 67042 of confinement.)

2) Defendant Jeffery "Jeff" Zmuda (Name of first defendant) is a citizen of Topeka, Kansas (City, State), and is employed as Secretary of Corrections of Kansas Dept. of Corrections (Position and title, if any). At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☑ No ☐. If your answer is "Yes", briefly explain:

The defendant violated the Plaintiff's federal rights while working as an official for the State of Kansas.

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983

1

3) Defendant __Phillip C. Marley__ is a citizen of
(Name of second defendant)

__El Dorado, Kansas__, and is employed as
(City, state)

__Correctional officer (Disciplinary officer)__. At the time the
(Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes ☑ No ☐ . If your answer is "Yes", briefly explain:

__When this defendant violated the Plaintiff's federal rights he was working as an official of the State of Kansas__

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

B. NATURE OF THE CASE

1) Briefly state the background of your case:

__Plaintiff filed a 1983 Civil Rights complaint on 10/23/2023, addressing several constitutional violations he was subjected to. He comes now submitting additional claims, as a supplemental brief. He is submitting three additional issues - all which are not frivolous.__

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

2

<u>Respondent(s) cont...</u>

3. a) Respondent, Phillip C. Marley was a disciplinary officer employed by EL Dorado Correctional Facility. He was responsible for conducting disciplinary hearings according to the law.

4. a) Respondent, Maria G. Bos is a Deputy Warden of EL Dorado Correctional Facility. She is legally responsible for the operation of EL Dorado Correctional Facility and for the welfare of all the inmates in that prison.

5. a) Respondent, Shawn R. Chastain is a Correctional Officer of the Kansas Department of Corrections, who, at all times mentioned in this complaint, held the rank of CSI, and was assigned to EL Dorado Correctional. He is responsible for the safety of all inmates under his supervision.

6. a) Respondent, Alexander Owens is a Correctional Officer of Kansas Department of Corrections, who, at all times mentioned in this complaint, held the rank of COI and was assigned to EL Dorado Correctional Facility. He is responsible for the well-being and safety of every inmate under his supervision.

7. a) Respondent, Jarris J. Perkins is a prison official of Kansas Department of Corrections, who at all times mentioned in this complaint held the rank/position of Property Claims Administrator, and was assigned to EL Dorado Correctional Facility. She is responsible for properly investigating claims of lost, stolen, or damaged property of inmates and promptly issuing compensation, when indemnity is due.

8. a) Respondent, Brian M. Buchholz is a Unit team Counselor of Kansas Department of Corrections, who at all times mentioned in this complaint held the rank UTS, and was assigned to EL Dorado Correctional Facility. He is responsible for the welfare of all prisoners on his caseload.

9. a) Respondent, Jeremy L. Hoepner is a Unit team Counselor of Kansas Department of Corrections who at all times mentioned in this complaint held the rank UTM and was assigned to EL Dorado Correctional Facility. He is responsible for the welfare of all inmates on his caseload.

10. a) Respondent, Isaiah J. O Barker is a Correctional Officer of Kansas Department of Corrections, who at all times mentioned in this complaint held the rank of COI and was assigned to EL Dorado Correctional Facility. He is responsible for providing adequate care to all inmates.

11. Respondent Darcie Holthaus, is the Secretary of Corrections Designee for KDOC. She is responsible for making sure all inmates under her Managment is treated accordingly to the US Constitution.

12. Respondent Tommy Williams is the Warden of El Dorado Correctional Facility. He is legally responsible for the operation of El Dorado Correctional Facility and for the welfare of all the inmates in that prison.

13. Respondent Brett A. Sissell is an agent of the Enforcement, Apprehension Investigation Unit (EAI) at El Dorado Correctional Facility. Agent Sissell is responsible for investigating major crimes, and simple crimes toward inmates and staff.

14. Respondent Jessica Ramsdell holds a position at Central Inmate Bank as an Accountant. She is responsible for ensuring all processed transactions ie. checks are properly forwarded. She is also responsible for redressing errors that occur from her mishandling.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) ~~Count I~~ Count 4: The Plaintiff's rights under the 8th and 14th amendment were violated by Defendant Phillip Morley.

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.): See attached document

B) (1) ~~Count II~~ Count 5: The Plaintiff's constitutional rights under the 8th Amendment was violated by Defendant Maria G Bos, when she subjected the Plaintiff to Deliberate Indifference.

(2) Supporting Facts: See attached document

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                3

C) (1) ~~Count III~~ Count 6: During the year of 2022-2023 the Defendant Jeremy Hoepner violated several of the Plaintiff's federal rights, and did so on several occasions. The Defendant violated the Plaintiff's 1st, 8th, and 14th amendment rights.

(2) Supporting Facts: See attached document

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☑. If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

      Plaintiffs: _____

      Defendants: _____

   b) Name of court and docket number _____

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

   d) Issues raised _____

XE-2 8/82           CIVIL RIGHTS COMPLAINT §1983

4

## Issue - Count #6

Count 6: During the year of 2022-2023 the Defendent Jeremy Hoepner violated several of the Plaintiff's federal rights, and did so on several occasions.

The Plaintiff's constitutional rights under the 1st, 8th, and 14th amendment was indeed violated by the Defendent Mr. Jeremy Hoepner.

Supporting facts: In December of 2022 the Plaintiff was written up for a numerous of disciplinary infractions. For reasons that were unconstitutional, the Plaintiff's disciplinary hearings were held under "absentia status", and prison officials delegated Mr. Jeremy Hoepner to act as the "Staff Assistance", in regard to those disciplinary hearings. Mr. Jeremy Hoepner had a duty to make contact with the Plaintiff and speak to him about his disciplinary case but he did not do so, yet Mr. Hoepner lied to the disciplinary officers by claiming the Plaintiff understood the charges against him, had no witnesses to request, and offered no defense to combat the disciplinary allegations. As a result of Mr. Hoepner's misconduct the Plaintiff was found guilty of all the disciplinary cases. During the sentencing phase of the disciplinary hearings, Mr. Hoepner had an additional duty to report back to the Plaintiff to advise him of his outcome and his right to appeal, yet the Defendent did not do this.

Mr. Jeremy Hoepner repeated this same misconduct in the first month of 2023, when he was delegated again to represent the Plaintiff in regard to another disciplinary case. See Lee v. Coughlin, 902 F. Supp 424, 433 then... See Gomez v. Vernon, 255 F. 3d 1118, 1127 (9th Cir 2001)

In June of 2023, the defendent Mr. Jeremy Hoepner violated the Plaintiff's rights again when he recklessly failed to properly investigate a grievance the Plaintiff had submitted. See Exhibit

On June 6th an officer deliberately passed up the Plaintiff during meal pass, and the Plaintiff went hungry. In the grievance the Plaintiff told Mr. Jeremy Hoepner to review the camera, so prison officials can see no meal was offered to him as the officer claimed. As the "fact-finder," Mr. Hoepner could have reviewed the footage. Mr. Jeremy Hoepner refused to **review** the security footage, and denied the Plaintiff any administrative relief. See Exhibit

[His] conduct is in contravention to the Law, so now the Plaintiff is holding the defendent accountable through proper federal civil action -- 1983 Bivens action.

Civil Rights Compliants § 1983

## (Issue) Count 4:

The Plaintiff's rights under the Eighth and Fourteenth amendment were violated by Defendant Phillip Marley. Specifically speaking, this particular Defendant subjected the Plaintiff to Cruel and Unusual Punishment, by first trampling on the Plaintiff's right to Due Process.

The Defendant Phillip Marley broke state law in order to violate the Plaintiff's Constitutional rights.

**Supporting Facts:** During the late months of the year 2022 the Plaintiff was served three disciplinary reports while at El Dorado Correctional Facility.

According to a later issued Disciplinary Summons, those disciplinary hearings were scheduled for December 14, 2022.

The disciplinary officer, who was delegated to hear these cases was CSI Phillip Marley.

On the day of the hearing (December 14, 2023) CSI Marley failed to give the Plaintiff any hearing, but found [him] guilty of all disciplinary allegations, and sentenced the Plaintiff to serve 90 days of privilige restriction, and to pay 60$ in disciplinary fines.

According to the Defendant Phillip Marley he claimed that after making contact with the Plaintiff via telephone, he was forced to conduct the hearings without the Plaintiff's presence, due to the Plaintiff becoming "disruptive".

The Plaintiff obtained a printout of his telephone history, and used it to show the Deputy Warden that no call was made in to disciplinary on December 14th - which made CSI Marley's allegations completely false.

As a result, the Plaintiff's disciplinary convictions were reversed and the matter was set for a new hearing, with a different disciplinary officer. Exhibit T-2

The Plaintiff seeked administrative relief from CSI Marley, for using false claims to take away his right to a fair hearing. but prison policy prevents any inmate from using the grievance system if the issue pertains to a disciplinary matter. See Exhibit T, T-1 The Plaintiff asked the S.O.C for expunge but request went ignored.

So now, the Plaintiff comes to this District Court, seeking the proper relief for the adverse actions committed by the Defendant Phillip Marley.

CIVIL RIGHTS COMPLAINT §1983

## (Issue) Count #5:

The Plaintiff's constitutional rights under the 8th Amendment was violated by Defendant - Maria G Bos, when she subjected the Plaintiff to Deliberate Indifference.

Supporting Facts: On December 14, 2022 the Plaintiff was unlawfully convicted of several disciplinary allegations; and as a result, the Plaintiff was forced to pay disciplinary fines worth 60$ and endure 90 days of privilige restriction.

Due to the malicious methods which was used to convict the Plaintiff at his disciplinary hearings all of those disciplinary convictions were reversed and remanded for a new hearing.

Before the Plaintiff received the administrative relief, in the form of the reversal of his disciplinary convictions, the Plaintiff had served approx 40 days of his 90 day privilige restriction sentence.

During the time which the Plaintiff's disciplinary reversal took place, Defendent (Deputy Warden Bos) was the prison official in charge of managing all privilige restriction at El Dorado Correctional Facility.

After his disciplinary convictions were reversed, the Plaintiff reached out to Maria G. Bos and informed her that due to his disciplinary reversal his incentive level needed to be changed immediately. He stressed to Maria G. Bos that until he was tried again at his remanded new disciplinary hearing he needed to be changed in the prison's system, so he could order commissary items like the other eligible level one inmates. Deputy Warden Maria G. Bos refused to change the Plaintiff's restriction status to the status of Level one; and because of this the Plaintiff could not receive any of the commissary items he wanted and needed.

The reason in which Maria G. Bos refused to uplift the Plaintiff restriction was in contravention to prison policies and the law of the land, and because so, the Plaintiff attempted to hold Ms. Bos accountable for his loss through the prison's grievance system, but according to KDOC inmates cannot challenge anything which is in connection to any disciplinary hearing.

Now, the Plaintiff comes to this Court to seek relief for the deliberate Indifference Deputy Warden Bos grossly subjected him to.

CIVIL RIGHTS COMPLAINT § 1983

Cont...
## Count 5
### Further Arguement

The Plaintiff could not understand the reasons for ~~deemed~~ dismissal – in regard to subsection F.

When Defendant Maria Bos failed to reset my incentive level, her actions were a violation of my federal right to be free from any form of Deliberate Indifference. However, since the court stated strongly about due process...

See case Davis v. Hall, 375 F 3d 703 (8th Cir)

"Even a 30-mintue detention after release order can deny due process"

In this case the Plaintiff's disciplinary convictions were removed/vacated, when his case was remanded for a New hearing.

The moment the disciplinary conviction was overturned and remanded, prison officials had a duty to change the Plaintiff's incentive level to whatever it would have been if the disciplinary conviction didnt exsist.

As a result of CSI Marley grossly depriving the Plaintiff a hearing, the Plaintiff was sentenced to 90 day privilige restriction and a 60$ fine.

Neither the money was refunded (the fine), as nor was the privilige restriction uplifted.

Prisoners have a liberty interest in being released on time, in conformity with the sentence imposed and with other relevant laws such as those providing for good time. And most courts hold that due process is denied if a prisoner is not released on time as a result of "deliberate indifference."

  e) Approximate date of filing lawsuit _____

  f) Approximate date of disposition _____

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☐ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

_____

_____

_____

_____

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

  *The same relief stated in original complaint.*

_____

_____

_____

_____

*Attorney is needed-do appoint*
_____
Signature of Attorney (if any)

*Tony Lewis*
_____
Signature of Plaintiff

_____
(Attorney's full address and telephone number)

XE-2 8/82      CIVIL RIGHTS COMPLAINT §1983