IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY TREMAYNE LEWIS,

    **Plaintiff,**

    v.                                    CASE NO. 23-3236-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 6) ("MOSC"). Before the Court is Plaintiff's Response to the MOSC (Doc. 8), purported Amended Complaint (Doc. 7), Motion for Reconsideration (Doc. 9), and Motion for Punitive Damages and Request for Jury Trial (Doc. 11).

**I. The Complaint**

In the Complaint and a supplement, Plaintiff included six (6) counts. In Count I, he alleges that his constitutional rights were violated when $900 was removed from his account and not applied as he directed. In Count II, Plaintiff alleges that he has been denied the ability to purchase and receive outside reading materials. In Count III, Plaintiff alleges that he was unconstitutionally denied the use of a tablet for two months without due process. In Count IV, Plaintiff alleges that Defendant Marley violated his right to due process and subjected him to cruel and unusual punishment when Marley found Plaintiff guilty of disciplinary charges and sentenced him to serve 90 days of privilege restriction and to pay $60 in disciplinary fines but did not conduct any hearing.

In Count V, Plaintiff alleges that Defendant Bos violated his constitutional rights when she failed to update his incentive level upon the reversal of disciplinary convictions. In Count VI, Plaintiff alleges that his rights were violated when Defendant Hoepner failed to act as staff assistant to Plaintiff at disciplinary hearings.

Plaintiff seeks relief in the form of compensatory, punitive, and nominal damages, as well as declarations that his rights were violated.

## II.  MOSC

The MOSC found that none of Plaintiff's counts stated an actionable claim for violation of Plaintiff's constitutional rights. Furthermore, the MOSC found that Plaintiff's request for damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e) because he has not described any physical injury that was caused by the alleged deprivations of his constitutional rights.

## III.  Plaintiff's Response and Discussion

### A.  Count I - $900 check

Plaintiff argues that "a due process violation occurred the moment Central Inmate Bank redirected the plaintiff's $900.00 check without proper authority." (Doc. 8, at 3.) The MOSC explained,

> Neither the negligent nor the unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional taking of property does not implicate due process clause where an adequate state post-deprivation remedy is available); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (inmate could not present claim against warden under § 1983 for negligent loss of inmate's property where existence of state tort claims process provided due process).

MOSC, Doc. 6, at 9.

The MOSC then found that Kansas law provides an adequate post-deprivation remedy and that Plaintiff's remedies for loss or deprivation of his personal property are the prison

2

administrative procedures and an action in state court.  Plaintiff has not shown good cause why this claim should not be dismissed.

The MOSC found that Plaintiff's claim of denial of access to the courts was subject to dismissal because he failed to satisfy the standing requirement of "actual injury" by showing that the alleged interference with court access hindered his efforts to pursue a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351–352 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996).  Furthermore, the MOSC found that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354.  Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355; *see also Carper v. Deland*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.").  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 356.

The action Plaintiff was filing was a motion to void restitution due to incarceration and refund.  (*See* Doc. 1, at 8.)  This is neither an attack on his sentence nor a challenge to the conditions of his confinement.  Plaintiff argues only that states may not erect barriers that impede the right of access to the courts.  He does not address the type of legal claim he was attempting to file.  Plaintiff has not shown good cause why this claim should not be dismissed.

The MOSC found that Plaintiff's allegations against Defendant Sissell failed to demonstrate the objective component of an Eighth Amendment claim because the loss of the $900 check does not amount to a substantial risk of serious harm.  Plaintiff continues to argue that "due

3

to Sissell's occupation as an agent of law enforcement, he had a duty of law to help the Plaintiff file an official police report and assist in gaining some remedy." (Doc. 8, at 5.)  Plaintiff cites no authority for this argument, nor does he address how Sissell's actions or inaction created a substantial risk of serious harm to Plaintiff.  Plaintiff has failed to demonstrate good cause why his Eighth Amendment claim against Sissell should not be dismissed.

Plaintiff next argues that his claim that Defendants Williams, Holthaus, and Zmuda maliciously denied his grievance and property claim related to the $900 check should not be dismissed.  However, he does not address the MOSC's finding that the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show the personal participation required or, more fundamentally, that the officials must have personally participated in a *constitutional violation*.  Because the Court finds there was no constitutional violation, Williams, Holthaus, and Zmuda are by extension not liable.

### B.  Count II – Denial of outside publications

Plaintiff argues that Count II should be allowed to proceed.  The MOSC found that the restriction at issue must have a rational basis reasonably related to important penological interests to survive scrutiny and cited *Beard v. Banks*, 548 U.S. 521 (2006), as supporting the constitutionality of the KDOC policy.  Plaintiff points out that the rationale that the Supreme Court found sufficient in *Beard* of providing incentives for better behavior may not be present here.  He further argues that one of the disallowed books could be considered "legal materials" and not subject to the restriction.

The Court finds that it needs additional information from officials of the EDCF and KDOC before completing the screening of Plaintiff's First Amendment claim.

4

Plaintiff also made an equal protection claim under Count II. He does not address the MOSC's finding that he failed to state an actionable equal protection claim. Therefore, that claim is dismissed.

### C. Count III – Denial of use of tablet

Plaintiff continues to argue that he was unconstitutionally denied the use of a tablet for two months without due process. However, he does not address the MOSC's conclusion that "restrictions on an inmate's telephone use, property possession, visitation and recreation privileges are not different in such degree and duration as compared with the ordinary incidents of prison life to constitute protected liberty interests under the Due Process Clause." *Requena v. Roberts*, 893 F.3d 1195, 1218 (10th Cir. 2018) (quoting *Marshall v. Morton*, 421 F. App'x 832, 838 (10th Cir. 2011) (unpublished)). Because the use of a tablet is not a protected liberty interest, Plaintiff's claim that he was entitled to due process before his tablet privileges were suspended is subject to dismissal. The Court finds that Plaintiff has failed to show good cause why this count should not be dismissed.

### D. Counts IV, V, and VI

Plaintiff does not address the MOSC's findings that these counts fail to state a claim. Therefore, they are dismissed.

## IV. Plaintiff's "Amended Complaint"

Plaintiff filed what he titled an amended complaint on December 13, 2023. (Doc. 7.) In the document, Plaintiff states that "[h]e comes now submitting additional claims, as a supplemental brief." (Doc. 7, at 2.) However, upon examination, the "additional" claims Plaintiff includes in the amended complaint were included in the Complaint as Counts IV, V, and VI. They were screened by the Court in the MOSC, and each was found to fail to state a claim. (MOSC, Doc. 6,

at 18-21.)  Plaintiff's Amended Complaint does not overcome the deficiencies identified in the MOSC.  Therefore, these claims and the Amended Complaint are dismissed.

## V.  Motion for Reconsideration (Doc. 9)

Plaintiff asks the Court to reconsider the denial of his motion to appoint counsel.  He states that he believes he is entitled to appointed counsel because he only has a GED, he is not a lawyer, he does not have money to hire a private investigator, he does not have time to litigate this case since he is appealing his criminal convictions, his claims are meritorious, and appointed counsel could more ably articulate the claims, take depositions, interview witnesses, and obtain expert testimony.  (Doc. 9, at 1-2.)

As previously explained to Plaintiff (*see* MOSC, Doc. 6, at 22), there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it remains unclear that Plaintiff has asserted a colorable

claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff continues to appear quite capable of adequately presenting facts and arguments. The Court denies Plaintiff's Motion for Reconsideration (Doc. 9).

**VI. Motion for Punitive Damages and Request for Jury Trial (Doc. 11)**

Plaintiff's motion states that he seeks punitive damages in the amount of $2,042,680. He lists the amount he seeks from each defendant. The motion also states that he seeks a jury trial.

Plaintiff already included a request for punitive damages in his Complaint. Before recovering any damages, Plaintiff must first demonstrate a constitutional violation. If he does so, punitive damages are available in a § 1983 lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879; (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)); *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992); see also *Patel v. Wooten*, 264 F. App'x 755, 760 (10th Cir. 2008) (determining, in the First Amendment context, that prison officials' actions did not "rise to the level of evil intent or reckless or callous indifference to sustain a jury award of punitive damages")).

The Court takes note of Plaintiff's intent to seek punitive damages and his request for a jury trial. His motion seeking a present award of punitive damages and a jury trial is denied.

**V. Conclusion**

Plaintiff has failed to show good cause why most of his Complaint should not be dismissed for the reasons discussed above and in the MOSC. Therefore, all of the claims and defendants are dismissed, with the exception of Plaintiff's First Amendment claim.

The Court finds that the proper processing of Plaintiff's First Amendment claim cannot be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*,

570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate KDOC officials of to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly conclude the screening of Plaintiff's Complaint under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that all claims, except Plaintiff's First Amendment claim, are **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that all defendants other than Defendant Zmuda are **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (Doc. 7) is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 9) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Punitive Damages and Request for Jury Trial (Doc. 11) is **denied**.

**IT IS FURTHER ORDERED** that**:**

(1) The Court will enter a separate e-service order directing the Clerk of Court to serve Defendant Zmuda.

(2) The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report within **sixty (60) days** following the electronic filing of the Waiver of Service Executed. Upon the filing of that Report, the Court will screen Plaintiff's Complaint. If the Complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the docket entry for the waiver of service is not controlling.

(3) Officials responsible for the operation of El Dorado Correctional Facility ("EDCF") are directed to undertake a review of the subject matter of the Complaint:

      a.      To ascertain the facts and circumstances;

      b.      To consider whether any action can and should be taken by the institution to resolve the subject matter of the claim; and

      c.      To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this claim and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(5) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(6) Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(7) No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(8) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, Defendant, counsel for the KDOC, and the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**DATED: This 31st day of January, 2024, at Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**