## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TONY TREMAYNE LEWIS,

     Plaintiff,

     v.                            CASE NO.  23-3236-JWL

JEFF ZMUDA, et al.,

     Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  Plaintiff is an inmate at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas.  On November 17, 2023, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC.  Plaintiff filed an Amended Complaint (Doc. 7) and a response to the MOSC.  The Court entered a Memorandum and Order (Doc. 12) ("M&O") dismissing all but Plaintiff's First Amendment claim and directing the officials responsible for the operation of EDCF to prepare a *Martinez* Report.  The *Martinez* Report (Doc. 19) was filed, and the plaintiff filed a response (Doc. 20) to the Report.  The Court screened the Complaint in light of these filings and directed Plaintiff to show cause why the Complaint should not be dismissed.  (*See* Memorandum and Order to Show Cause ("MOSCII"), Doc. 21.)

The MOSCII found that Plaintiff failed to state an actionable First Amendment claim under either his theory of violation of his right to freedom of speech and association or his right of access

to the courts.  The MOSCII further found that Plaintiff could not recover compensatory damages because he failed to demonstrate a physical injury.

Now before the Court is Plaintiff's response to the MOSCII (titled "Pro Se Motion Requesting Reconsideration to Proceed") (Doc. 25), a proposed Second Amended Complaint (Doc. 22), a Motion to Appoint Counsel (Doc. 23), a Motion to Reinstate Dropped Defendants and Dismissed 1983 Claims (Doc. 24), and a Motion to Supplement Second Amended Complaint (titled "Request to Submit Supplemental Arguments") (Doc. 26).

## 1.  Response to MOSCII (Doc. 25)

Plaintiff argues that he meets the actual injury requirement of an access to the courts claim because he suffered an actual injury when the book *Battling the Administration* was seized.  He argues that he had ordered the book before IMPP 12-120A went into effect, yet the book was seized when it was received in the mailroom.  Plaintiff argues that the defendant's actions in seizing the book hindered his effort to pursue this lawsuit.  More specifically, he states that he "would often worry and hope that . . . the prison's library could either provide him the book he was deprived, or, issue out immediately some similar legal reference books in which could assist the Pro Se litigant's effort of (properly presenting claims in a federal court)."  (Doc. 25, at 2.)

To the extent Plaintiff is arguing that the property loss was an actual injury, the argument fails.  As explained in the MOSCII, the actual injury requirement of an access to the courts claim is satisfied by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim.  *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim."  *Lewis*, 518 at 354.  Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging

"the conditions of their confinement."  *Id.* at 355; *see also Carper v. Deland*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of *initial pleadings* in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (emphasis added).  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Lewis,* 518 U.S. at 356.  Nor does an inmate's inability to effectively litigate once in court fulfill the requirement of actual injury.  *Lewis*, 518 U.S. at 354.

Plaintiff's argument is that he could not litigate effectively because he did not have one specific book, *Battling the Administration*.  This argument is utterly conclusory and does not satisfy the injury requirement of an access to the courts claim.  Plaintiff has failed to show good cause why his claim for violation of his constitutional right of access to the courts should not be dismissed.

Plaintiff also argues that he should have been reimbursed for the confiscated issues of *Poets and Writers* magazine.  He states, "[T]he court would abuse its discretion in a terrible way if it continues to deem those deprivations of property unworthy of suitable compensation, for the barring prohibition 1997e(e) cannot succeed in disallowing the Plaintiff from receiving awards of compensatory and punitive as well."  *Id*. at 4.  He further alleges that "staff responsible [for the seizures] had knowledge that IMPP 12-120(A) was not suppose[d] to capture any magazine ordered before May 1, 2023."  *Id.* at 3.

Neither the negligent nor the unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional taking of property does not implicate due process clause where an adequate state post-deprivation remedy is available);

*Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (inmate could not present claim against warden under § 1983 for negligent loss of inmate's property where existence of state tort claims process provided due process).

Kansas law provides procedures that inmates must follow when making claims for property loss or damage.  K.A.R. 44-16-104; *see also* K.A.R. 44-15-101a(d)(1)(B)(2).  These procedures have been held to constitute an adequate post-deprivation remedy.  *See Milburn v. Nelson*, 221 F.3d 1352 (Table), 2000 WL 1005253, *1 (10th Cir. July 20, 2000) (unpublished).

Plaintiff's claim of deprivation of property without due process is subject to dismissal for failure to state a claim under § 1983.  Plaintiff's remedies for loss or deprivation of his personal property are the prison administrative procedures and an action in state court, which constitute adequate post-deprivation remedies.

**2.   Request to Submit Supplemental Arguments (Doc. 26) (Docketed as Motion to Supplement Second Amended Complaint)**

In this filing, Plaintiff continues to argue that he should receive compensatory damages for the seizure of five (5) issues of *Poets and Writers*.  The Court has reviewed and considered his arguments and finds that his Complaint remains subject to dismissal.

Plaintiff seems to be confusing a request to be compensated for the value of personal property and a request for compensatory damages for some injury beyond the value of the property. A claim for property loss is discussed above, and a claim for compensatory damages for amounts beyond the value of the magazines is barred by 42 U.S.C. § 1997e(e), as explained in the MOSCII. (*See* Doc. 21, at 6-7.)

**3.   Second Amended Complaint (Doc. 22)**

Plaintiff seeks to add three counts to his Complaint, which originally contained six counts. This same request, with identical proposed supplemental complaint, was previously filed by

4

Plaintiff on February 27, 2024 (Doc. 15) and on March 15, 2024 (Doc. 17).  In both instances, Plaintiff was denied leave to file supplemental claims.  He was informed that to amend his Complaint, he needed to file a complete proposed amended complaint on the court-approved form. In each instance, he was provided with a form but chose not to comply with the order.  With Doc. 22, Plaintiff has yet again filed a request to supplement his Complaint, with a purported amended complaint that does not include his existing First Amendment claim that was the subject of the *Martinez* Report and the MOSCII.

Although a plaintiff is entitled to amend a complaint once as a matter of right under Fed. R. Civ. P. 15, Plaintiff has already filed an Amended Complaint (Doc. 7) and is no longer entitled to amend as a matter of right. *See* Fed. R. Civ. P. 15(a)(1) (Amending as a Matter of Course).  The decision whether to grant leave to amend is within the court's discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

The three counts that Plaintiff seeks to add are completely unrelated to his only surviving claim, which is based on IMPP 12-120A.  Proposed Count 7 involves an incident with his cellmate on March 16, 2023.  Proposed Count 8 involves an incident where he was not given a meal on June 6, 2023.  Proposed Count 9 generally discusses the liability of the KDOC for all of his claims. Each claim involves different defendants and different facts.  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).

In addition, the claims Plaintiff seeks to add were available to him when he filed his original complaint.  "Where the party seeking amendment knows or should have known of the facts upon

which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1184–85 (10th Cir. 1990).

For these reasons, the docket entry for Doc. 22 shall be revised to read "Motion for Leave to File Second Amended Complaint," and the motion is denied.  If Plaintiff wishes to pursue the unrelated claims contained in his motion, he should file a separate action after exhausting the facility's administrative grievance procedures regarding the claims.

### 4. Motion to Reinstate Dropped Defendants and Dismissed 1983 Claims (Doc. 24)

In this motion, Plaintiff seeks reconsideration of the Court's Memorandum and Order dated January 13, 2024, entered after Plaintiff responded to the first MOSC.  Local Rule 7.3 provides as follows:

> Except for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion *within 14 days* after the order is served unless the court extends the time.  A motion to reconsider must be based on:
>
> > (1)  an intervening change in controlling law;
> > (2)  the availability of new evidence; or
> > (3)  the need to correct clear error or prevent manifest injustice.

D. Kan. Rule 7.3 (emphasis added).

Plaintiff's motion was filed more than 5 months after the order was served and is therefore untimely.  Moreover, Plaintiff does not rely on a change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.  He merely repeats arguments that he already made.  Plaintiff's motion is denied.

### 5. Motion to Appoint Counsel (Doc. 23)

Plaintiff seeks the appointment of counsel, arguing that his imprisonment greatly limits his ability to litigate, the KDOC is hindering his ability to investigate his claims, and the issues are

complex.  He further argues that counsel is necessary because of the adverse rulings of the Court, such as the denial of leave to supplement his Complaint.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Plaintiff argues that the case of *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991), stands for the proposition that once a court finds a *Martinez* report is necessary, it is the duty of the court to appoint effective counsel for a pro se prisoner.  (Doc. 23, at 1.)  This is not an accurate representation of the holding of the case.  The court in *Abdullah* held that, based on the particular facts of that case, "the district court should have appointed plaintiff counsel on the First Amendment claim, once the district court found it to be meritorious."  *Abdullah*, 949 F.2d at 1035.

Even if an Eighth Circuit case were binding on this Court, which it is not, the Court has not found that Plaintiff's claim is meritorious.  The *Martinez* report was ordered because the Court

needed additional information to make that determination.   (*See* Memorandum and Order, 1/31/24, Doc. 12, at 4: "The Court finds that it needs additional information from officials of the EDCF and KDOC before completing the screening of Plaintiff's First Amendment claim.")   The Court concludes in this case that (1) Plaintiff has not asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the docket entry for Doc. 22 shall be revised to read "Motion for Leave to File Second Amended Complaint," and the motion is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 23) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reinstate Dropped Defendants and Dismissed 1983 Claims (Doc. 24) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Second Amended Complaint (titled: "Request to Submit Supplemental Arguments") is **granted** insofar as the Court considered the supplemental arguments in reaching its decision.

**IT IS SO ORDERED**.

**Dated July 11, 2024, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**